THOMAS H. LINAHAN *vs.* JOHN BARR.

JOHN BARR *vs.* THOMAS H. LINAHAN.

A leased building having been destroyed by fire, and the lease having two years more to run, the tenant erected a cheap one story brick building upon the site of the other, the sides resting upon the old foundations, the front upon brick

pillars, and the rear wall built new from the bottom of the cellar; stating at the time to the landlord that he did not intend to remove the building, that he knew it would belong to the landlord at the expiration of the lease, and that the rent in the meantime would pay him. Held—1. That evidence of these declarations was admissible in favor of the landlord against a purchaser from the tenant, who claimed the right to remove the building at the termination of the lease. 2. That these declarations and the manner of the construction of the building showed the intent of the lessee that the building should become a part of the realty, and that it was to be so regarded.

Whether certain possession of premises constituted an acceptance of an offer by the owner to lease the premises to the occupant, is a question of fact, which cannot be reviewed on error.

THE first case was a petition for an injunction against the removal of a building erected on leased premises; the second a writ of error from the judgment of a justice of the peace upon a summary process brought by the defendant in error to recover possession of the same premises. Both suits were brought to the Court of Common Pleas of Fairfield County and heard before *Brewster, J.* In the first case the court found the facts and granted a perpetual injunction, and in the second affirmed the judgment of the justice; and the petitioner and plaintiff in error brought both cases before this court by motions in error. The cases involving the same general facts were heard together. The facts are sufficiently stated in the opinion.

*Lockwood,* with whom was *Beers,* for the plaintiff in error.

*Hall* and *Stoddard,* for the defendant in error.

CARPENTER, J. The sole question in the first case is, whether a tenant who erected a building on leased property had a right to remove the same at the termination of his lease. The circumstances were these:—The premises consisted of a store in the city of Bridgeport. The store burned down, leaving a vacant lot. The lease had then about two years to run. The landlord offered the tenant fifty dollars to surrender his lease, but he declined, saying that he was about to erect another building on the land, that he knew that it would belong to the landlord, that he did not intend to remove the same at the expiration of his lease, and that the

rent which he should receive during the term would pay the cost of construction. The building was one story high, built of brick, with glass front, and stood on the foundation walls of the burned building, except the rear, which was an unbroken brick wall from the cellar bottom.

The respondent claims under the lessee, and insists that the building was a trade fixture which might lawfully be removed by the tenant.

A question is made whether the declarations of the tenant were admissible in evidence. We entertain no doubt on that question. They tend directly to show the intention of the party in erecting the building; and intention in these cases is always a material inquiry. Had the parties agreed that the tenant might build and remove the building, no one would doubt that that fact might be shown for the purpose of proving that it was the personal property of the builder. The intention and understanding of the parties at the time are necessarily involved in the inquiry.

In this case it is apparent that both parties intended that the building, at the termination of the lease, should belong to the owner of the land. This is evident, in the first place, from the materials used, and the manner of construction. It was attached to the freehold in the same manner that buildings ordinarily are which are designed to be permanent. This, although not conclusive, is an important consideration. In the next place, the interview between the parties at the time very clearly shows that neither party expected or intended that the building should be removed. In view of all the circumstances we think the court below was clearly right in holding that the building was a part of the realty. *Ombony* v. *Jones*, 19 N. York, 234; *Shepard* v. *Spalding*, 4 Met., 416; *Curtis* v. *Hoyt*, 19 Conn., 154; *Landon* v. *Platt*, 34 Conn., 517; *Capen* v. *Peckham*, 35 Conn., 88.

The second case was a summary process to recover the possession of the leased premises. The only question before the justice seems to have been whether the plaintiff in error, who claimed the building by purchase from the original

lessee, was the lessee of the complainant.   The court found that he was, and rendered judgment against him.

We fail to discover any question of law in the case which this court can review.

The defendant claimed that the occupation of the premises while he was claiming the ownership of the building and while the injunction against his removal of it was in force, was not an acceptance of a proposition by the plaintiff to lease the premises to him at a certain rent named.   The justice found that he had become a lessee of the premises, that is, that his conduct was such an acceptance.

This was a question of fact.   But even if it can be regarded as a mixed question of law and fact, we cannot see that the justice violated any principle of law in deciding as he did.

There is no error in either judgment.

In this opinion the other judges concurred.